IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **PAMELA RODGERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 24-cv-2641-JPM-tmp |
| | ) |
| **RAYCO, KIMCO,** | ) |
| **and TVA,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is *pro se* plaintiff Pamela Rodgers's Complaint.[1] (ECF No. 1.) Because Rodgers is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2]

### I.   PROPOSED FINDINGS OF FACT

On September 6, 2024, Rodgers filed her complaint against RayCo, KimCo, and the Tennessee Valley Authority ("TVA") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

[2]The undersigned granted Rodgers leave to proceed *in forma pauperis* on September 20, 2024. (ECF No. 7.)

Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*[3] (ECF Nos. 1, 3.) Using the form provided by the Clerk's office to assist *pro se* litigants asserting employment discrimination claims, Rodgers checked the boxes alleging that the discriminatory conduct was "[t]ermination of my employment," annotating "[d]emoted" next to it; "[r]etaliation"; and "[o]ther acts," writing out "[i]ntimidation," "[h]arassment," and "[b]y reporting fraud, toxic work place, reporting Reporting [sic] many issues," in the line provided next to that box. (ECF No. 1 at PageID 3.) She provided that the alleged discriminatory acts occurred from "1-5-2015 [through] 9-19th 2023 [through] todays [sic] date." (Id.) She also checked the box indicating she believed the defendants "[are] still committing these acts against me," annotating "person[a]l [l]ife" in the blank space next to it. (Id.) Rodgers checked the box that her employer discriminated against her based on age, writing that she was born in 1960. (Id. at PageID 4.)

In the space provided for the facts of the case, Rodgers wrote:

> Intimidation – harassment – [r]etaliation age discrimination – Filed with EEOC, giving right to [s]ue on Jun 7-24[.] This started with [f]ederal [f]raud/went to hiring younger man, job [p]aid me 274 month paid him 400.00 offered 500.00 month to him. [W]ent to many charges from all three companies RayCo, TVA, KBS Services. When reported fraud, and whistleblowed in all of it[.]

---

[3]In her *in forma pauperis* application, Rodgers refers to the second named defendant Kimco as "KBS Services." (ECF No. 3.)

(Id. at PageID 4.) Rodgers also wrote additional details in her *in forma pauperis* application:

> All done [i]ntentioanlly, [b]y RayCo-TVA + TVA employee + [m]anagers. Can prove all of this.
>
> I would like to add, I reported fraud, was sent a letter that yes my employer did violate[] RayCo her contract with KimCo + TVA – I also reported, toxic work environment, abuse, harassment, intimidatio[n], blackmailed me to keep jobs, mental stress and more. [M]y employer RayCo [owner] Rosena Phillips used my persona[l] life + family to [destroy] my life! [A]long with TVA+KimCo I reported to OIG of TVA + HR + managers of TVA and more proof of emails, texts [l]etters, recording, witnesses, pictures, paperwork, to a government investigator proved my finding all true, to receive unemployment 9 months later, I [feel] I have been wrongful[] [d]one [b]y the laws and many things to get me to this point I feel I deserve my day in Court.
>
> I will also add this has [d]estroyed my life. I have worked at Lagoon Creek TVA site for 10 years along with many other sites never had a write up, [n]ever TVA managers always told me I was like family. I have had no money for almost a year could not even get unemployment cause of the fraud I reported along with all other charges I can prove. I can't even get help with our Justice system. I do not understand. Destroyed my personal life all I wanted to do was pay into my social security for retirement like everyone else has a right by law that was taken from me, [t]urned into conspiracy, by RayCo – TVA – KBS services there are laws, [b]ut I would like to explain and ask the courts about my situation, and have the right to have my day in Court.

(ECF No. 3 at PageID 25-26.)

Rodgers also checked the box indicating that "60 days or more have elapsed" since the filing of her age discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and she

checked the box that she had received a Right to Sue letter. (ECF No. 1 at PageID 5.) Rodgers attached three different EEOC Right to Sue letters to her complaint: two issued June 14, 2024; and one issued September 6, 2024. (ECF No. 1-1.)

Lastly, in the section requesting relief, Rodgers does not check any boxes indicating her requested relief. However, she seemingly seeks compensatory damages, writing in the space provided "all taxes be paid + 1 year salary Sept 23 to Sept 24, and all damages during my employment at RayCo + TVA + KimCo." (ECF No. 1 at PageID 6.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003). However, when screening complaints under 28 U.S.C. § 1915, the district court may allow a plaintiff leave to amend their complaint to avoid *sua sponte* dismissal "if it is at all possible that the party . . . can . . . state a claim for relief." Lucas v. Chalk, 785 F. App'x 288, 292 (6th Cir. 2019); see also Cox v. Renken, No. 2:21-cv-02171-MSN-tmp, 2022 WL 4668052, at *4 (W.D. Tenn. Sept. 30, 2022) (explaining that the court may allow leave to amend to avoid *sua sponte* dismissal when proceeding *in forma pauperis*).

## B.   Title VII Discrimination Claim

Rodgers first alleges age-based discrimination under Title VII. Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of discrimination, a plaintiff must show: (1) that they are a member of a protected class; (2) that they were subject to an adverse employment action; (3) that they were qualified for the position; and (4) that similarly situated employees outside the protected class were treated more favorably. Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 777 (6th Cir. 2016) (quoting Peltier v. United States, 388 F.3d 984, 987 (6th Cir. 2004)) (discussing the *prima facie* case for sex discrimination). Plaintiffs are not required to make out a *prima facie* case of discrimination in their complaint, Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), but they "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that the employer discriminated against the plaintiff, id. at 610 (quoting Iqbal, 556 U.S. at 678-79).

Rodgers alleges age-based discrimination, but she has not alleged discrimination as to any of the protected classes under Title VII. Her age discrimination claims under the ADEA are discussed later. On this basis, the undersigned recommends that her Title VII discrimination claim be dismissed.

**C.   Title VII Hostile Work Environment Claim**

Rodgers next makes various references to intimidation, harassment, and a "toxic" workplace attributable to defendants. "A work environment is actionable under Title VII if the workplace is permeated with discriminatory intimidation, ridicule or insult sufficiently severe or pervasive to alter the conditions of employment." Waldo v. Consumers Energy Co., 726 F.3d 802, 813 (6th Cir. 2013) (quoting Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 333 (6th Cir. 2008)) (internal quotation marks omitted). "To succeed on a hostile work environment claim, a plaintiff must show that (1) [they] belonged to a protected group, (2) [they were] subject to unwelcome harassment, (3) the harassment was based on [their protected status], (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) the defendant knew or should have known about the harassment and failed to act." Myrtil v. Serra Chevrolet, LLC, No. 2:22-cv-02595-MSN-tmp, 2023 WL 6367667, at *5 (W.D. Tenn. Sept. 29, 2023)(internal quotation marks omitted). A plaintiff is not required to establish a *prima facie*

case at the complaint stage, but they still must "plead sufficiently severe or pervasive conduct that a reasonable person would consider hostile or abusive." Id. (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Here, Rodgers does not provide sufficient facts to support that she experienced harassment based on her membership in a protected class under Title VII. She provides only conclusory statements that she was subjected to a toxic workplace. The undersigned finds that Rodgers's factual allegations, without more, are insufficient to state a hostile work environment claim under Title VII, and thus should be dismissed.

**D.  Title VII Retaliation Claim**

Rodgers also alleges that she faced unlawful retaliation, seemingly for reporting "many issues." (ECF No. 1 at PageID 3.) Title VII prohibits employers from "discriminat[ing] against any of [their] employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "In order to establish a prima facie case of retaliation under this court's Title VII caselaw, an employee must establish that (1) [they] engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken

against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." Hawkins, 517 F.3d at 345 (citing Morris v. Oldham Cty. Fiscal Ct., 201 F.3d 784, 792 (6th Cir. 2000)). Title VII's anti-retaliation provision is broader than its anti-discrimination provision, "protect[ing] employees from conduct that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. (quoting Burlington N. & Santa Fe Ry. Co., 548 U.S. 53, 68 (2006)). As with discrimination and hostile work environment claims, a plaintiff need not establish a *prima facie* case at this stage, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002), but they must plead sufficient facts for the court to infer that they were retaliated against, Parker v. Hankook Tire Mfg. Tenn., LP, No. 23-5208, 2023 WL 10404971, at *2-3 (6th Cir. Dec. 21, 2023).

While the allegations in her complaint are difficult to follow, construing her complaint liberally using the additional facts provided in her *in forma pauperis* application, Rodgers alleges that she was demoted after reporting a "toxic work environment," abuse, harassment, intimidation, and alleged fraud to the Office of Inspector General for the TVA. (ECF No. 3 at PageID 25.) However, Rodgers fails to identify which of the defendants committed the alleged retaliatory action or provide facts to support claims of discrimination retaliation as to each

defendant. While Rodgers has not met the plausibility standard under Twombly and Iqbal, the court nonetheless finds that Rodgers has alleged at least some facts supporting a claim for retaliation in violation of Title VII. In lieu of dismissing the complaint, the undersigned recommends that Rodgers be given thirty days to file an amended complaint.

**E.   ADEA Claim**

Finally, Rodgers alleges age discrimination in violation of the ADEA. The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish a prima facie case of age discrimination, the ADEA plaintiff 'must show that: (1) [they were] over 40 years old; (2) [they] suffered an adverse employment action; (3) [they were] qualified for the position [they] held; and (4) [they were] either replaced by a person outside the protected class or treated differently than similarly-situated individuals." Smith v. Wrigley Mfg. Co., LLC, 749 F. App'x 446, 448 (6th Cir. 2018) (quoting House v. Rexam Beverage Can Co., 630 F. App'x 461, 462 (6th Cir. 2015)). As with Title VII claims, the plaintiff need not make out a *prima facie* case, but they must plead sufficient facts showing they are entitled to relief. Parker, 2023 WL 10404971, at * 2-3.

Here, Rodgers indicates that she was born in 1960, and was thus over 40 at all relevant times to her claims. She also alleges that she was paid $274/month while a younger male was paid $400/month for the same job. However, Rodgers does not provide which of the defendants discriminated against her or facts to support claims of age discrimination as to each defendant. While Rodgers has not satisfied the plausibility standard under <u>Twombly</u> and <u>Iqbal</u>, the court nonetheless finds that Rodgers has pleaded some facts supporting a claim for age discrimination. Thus, in lieu of dismissing, the undersigned recommends that Rodgers be given thirty days to file an amended complaint.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned submits that Rodgers's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) as to all the allegations except her Title VII retaliation and ADEA claims, for which Rodgers should be granted leave to file an amended complaint within thirty days.

Respectfully submitted,

<pre>s/Tu M. Pham                        
TU M. PHAM
Chief United States Magistrate Judge

October 16, 2024                    
Date</pre>

### NOTICE

**REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND**

**RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**