```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

| | |
|---|---|
| **PAMELA RODGERS,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 24-cv-2641-JPM-tmp |
| | ) |
| **RAYCO, KIMCO,** | ) |
| **and TVA,** | ) |
| | ) |
|     Defendants. | ) |
| | ) |

_____

## REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Pamela Rodgers's Amended Complaint.[1] (ECF No. 10.) Because Rodgers is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2]

### I. PROPOSED FINDINGS OF FACT

On September 6, 2024, Rodgers filed her original complaint against Rayco, Kimco/KBS Service ("Kimco/KBS"),[3] and the Tennessee

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

[2] The undersigned granted Rodgers leave to proceed *in forma pauperis* on September 20, 2024. (ECF No. 7.)

[3] In her amended complaint, Rodgers explains that KBS Service "apparently purchased Kimco two years ago." (ECF No. 10 at PageID 46.)

Valley Authority ("TVA") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (ECF Nos. 1, 3.) On October 16, 2024, the undersigned screened Rodgers's complaint pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 8.) The undersigned recommended that the district court dismiss Rodgers's Title VII age discrimination and Title VII hostile work environment claims for failure to state a claim. (Id.) Regarding her Title VII retaliation and ADEA claims, the undersigned found that Rodgers failed to allege specific facts against each of the defendants but recommended that Rodgers be given thirty days to amend her complaint. (Id.) District Judge Jon P. McCalla adopted the Report and Recommendation on November 4, 2024, dismissing all allegations except Rodgers's Title VII retaliation and ADEA claims, and giving Rodgers until December 4, 2024, to file an amended complaint. (ECF No. 9.)

On December 3, 2024, Rodgers filed her amended complaint. (ECF No. 10.) Rodgers alleges age discrimination and retaliation under Title VII, 42 U.S.C. § 1981, and the ADEA. (Id.) Rodgers explains that she was employed by "Rayco and/or Tennessee Valley Authority . . . at the location of chiefly Lagoon Creek, but also Millington, TN, Brownsville, TN, Covington, TN and Cordova, TN." (Id. at PageID 46.) Rodgers explains that she recently learned that Rayco "allegedly through an agent Kimco, now KBS Service,

obtains their authority to be an 'Allied Contractor.'" (Id.)

Most of Rodgers's allegations relate to actions taken by Rosena Phillips (whom Rodgers describes as a Rayco employee), and Pat Jonakin (whom Rodgers identifies as a TVA employee). (Id.) In support of her age discrimination claims, Rodgers alleges that she was born in 1960 and that she was paid between $274 and $324, while her younger male replacement "was offered $500 and paid $400" and that "a young female was also paid more than she was for the same job." (Id. at PageID 47.) Rodgers alleges that "[t]he supervisor at Rayco conspired with the manager on site for TVA and they both treated Rodgers with disrespect and contempt because of her age." (Id.) She also alleges that she suffered a reduction in pay, material changes in her work duties, and constructive termination. (Id. at PageID 49.)

In support of her retaliation claims, Rodgers alleges that on June 7, 2024, she filed two charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") against TVA and Rayco, and that she filed a third against Kimco/KBS with the EEOC and Tennessee Human Rights Commission, "alleging discrimination based on age, discrimination and alleging retaliation for objecting to and opposing discriminatory and unlawful conduct."[4] (Id. at PageID 48-49.) Rodgers alleges that

---

[4]Rodgers attached those documents to her amended complaint. (ECF No. 10-1.) In each of those complaints, Rodgers identifies Phillips

- 3 -

she was "retaliated against for [her] previous EEOC charge and [her] several protected complaints objecting to age discrimination and retaliation," and (as described above) she suffered a reduction in pay, material changes in work duties, and constructive termination of her employment. (Id. at PageID 49.) Rodgers does not allege any actions taken against her by Kimco/KBS employees.

Rodgers requests significant relief, including backpay, front pay, compensatory and punitive damages both in the amount of $3 million, "the value of her lost benefits," attorneys fees, litigation expenses, and pre- and post-judgment interest. (Id. at PageID 50.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

---

of Rayco, and Jonakin, Jeff Montgomery, and Mike Richardson of TVA as culpable parties. (Id.) She does not identify any Kimco/KBS employees.

its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Ctr. for Bio-Ethical Reform, Inc. v. Napolitano</u>, 648 F.3d 365, 369 (6th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. <u>Iqbal</u>, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (citing <u>Martin v. Overton</u>, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, <u>see</u> <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, <u>see</u> <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003).

**B.  Claims Against Kimco/KBS**

In her amended complaint, Rodgers seeks to bring each of her claims against all the named defendants. While the undersigned has screened the complaint and ordered the U.S. Marshal to issue and serve process as to defendants TVA and Rayco, (ECF No. 11), Rodgers

provides no specific factual allegations that Kimco/KBS or any of its employees discriminated against her. Indeed, the only allegations in Rodgers's complaint as to Kimco/KBS are related to Kimco/KBS's assisting Rayco in becoming a federal contractor, that KBS Service purchased Kimco two years ago, that Kimco/KBS maintains an anti-discrimination policy, and her conclusory statement that Kimco/KBS is the correct defendant. (ECF No. 10 at PageID 46-47.) Accordingly, Rodgers has not pleaded sufficient facts to state any claims against Kimco/KBS under Iqbal, 556 U.S. at 678, and the undersigned recommends that all claims be dismissed as to defendant Kimco/KBS.

**C.   Section 1981 Claim**

Rodgers also seeks to bring a § 1981 claim against all defendants for age discrimination in her amended complaint. (ECF No. 10.) "To state a claim under § 1981, a plaintiff must plead, among other things, that '[they] belong[] to an identifiable class of persons who are subject to discrimination *based on their race*' and that 'the defendant intended to discriminate against [them] *on the basis of race*.'" Moniz v. Cox, 512 F. App'x 495, 500 (6th Cir. 2013) (quoting Amini v. Oberlin Coll., 440 F.3d 350, 358 (6th Cir. 2006)) (emphasis added); see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982). Rodgers alleges only age-based discrimination; nowhere does she even identify her race, let alone allege that she was discriminated against based on

her race. Accordingly, Rodgers fails to plausibly allege a § 1981 claim, and the undersigned recommends that this claim be dismissed as to all defendants.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned submits that Rodgers's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) as to all claims against defendant Kimco/KBS, and that her § 1981 claim also be dismissed as to defendants Rayco and TVA.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 9, 2024
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**