IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PAMELA RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-2641-JPM-tmp |
| v. ) | |
| ) | |
| RAYCO, KIMCO, and TVA, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("R&R") filed by Chief Magistrate Judge Tu M. Pham on January 31, 2025. (ECF No. 15.) The Magistrate Judge sua sponte recommended the Court dismiss with prejudice Plaintiff's Complaint as to Defendant TVA for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 27 at PageID 128.) No objections were filed. For the reasons discussed below, the Court **ADOPTS IN PART** the Magistrate Judge's R&R and **DISMISSES** Plaintiff's Complaint as to TVA.

### I.    BACKGROUND[1]

On September 6, 2024, Plaintiff filed her original Complaint against Defendants Rayco, Kimco, and TVA (collectively, "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq. (ECF No. 12 at PageID 58 (citing ECF Nos. 1, 3).) On November 4, 2024, the Court, adopting a report and recommendation from the Magistrate

---

[1] This Section incorporates the Proposed Findings of Fact from the Magistrate Judge's Report. (ECF No. 27 at PageID 129–32.) Receiving no objections thereon, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

Judge, dismissed Plaintiff's Title VII age discrimination and hostile work environment claims. (See ECF No. 9.)  Plaintiff's Amended Complaint alleges age discrimination and retaliation under Title VII, 42 U.S.C. § 1981, and the ADEA.  (ECF No. 12 at PageID 58 (citing ECF No. 10).)

On January 3, 2025, the Court, again adopting a report and recommendation from the Magistrate Judge, dismissed all claims as to Kimco and the § 1981 claims against Rayco and TVA. (ECF No. 14 at PageID 68.)

On January 24, 2025, TVA filed a motion to dismiss, arguing (1) it was not properly served; (2) Rodgers named the wrong defendant; and (3) Rodgers failed to exhaust her administrative remedies against TVA.  (ECF No. 16-1 at PageID 73.)  Plaintiff did not respond to TVA's motion with the required 28 day period.  (ECF No. 27 at PageID 130 (citing L.R. 12.1(b)).)  The Magistrate Judge then entered an Order to Show Cause directing Plaintiff to respond.  (Id. (citing ECF No. 17).)  The Magistrate Judge warned Plaintiff that a failure to respond to the Order to Show Cause would result in sanctions, including dismissal for failure to prosecute.  (Id.)

On March 10, 2025, Plaintiff responded to the Magistrate Judge's Order to Show Cause. (Id. (citing ECF No. 18).)  She asked for an extension of time to find counsel, but did not address TVA's motion to dismiss.  (Id.)  The Magistrate Judge granted Plaintiff a 30 day extension, again warning her that failure to respond could result in dismissal of her complaint.  (Id.)

On April 9, 2025, Plaintiff filed two motions for extension of time to respond to TVA and RayCo.  (Id. at PageID 131 (citing ECF Nos. 20, 21).)  On April 24, 2025, the Magistrate Judge granted Plaintiff's request as to TVA and denied Plaintiff's request as to RayCo "because RayCo had not filed a motion to dismiss or otherwise appeared in the case." (Id.; id. n.4 (citing ECF No.

2

22 at PageID 114–15).)² The Magistrate Judge informed Plaintiff she would not receive any additional extensions, and for a third time warned her that failure to respond could result in dismissal of her Complaint. (Id. at PageID 131–32.)

Plaintiff did not respond to TVA's motion by the May 27, 2025 deadline. (Id. at PageID 132.) To date, Plaintiff has not responded.

## II.  LEGAL STANDARDS

### A. Pro Se Complaints

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). "In assessing the legal sufficiency of a claim, [the Court] may look to documents attached as exhibits or incorporated by reference into the complaint." Knapp v. City of Columbus, 93 F. App'x 718, 721 (6th Cir. 2004) (citing Amini v. Oberlin Coll., 259 F.3d 493 (6th Cir. 2001)). Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

### B. Report and Recommendation

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "When no timely objection is filed, the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.

---

² RayCo has since filed a motion to dismiss for failure to state a claim. (ECF No. 29.) Plaintiff has not filed a response or any motions regarding RayCo's motion.

3

R. Civ. P. 72(b) advisory committee's note to 1983 Addition. The "failure to properly file objections constitutes a waiver of appeal." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### C. Dismissal Pursuant to Rule 41

"Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 362–63 (6th Cir. 1999).

"In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, [the Court] look[s] to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Id. at 363 (citing Stough v. Mayville Cmty. Sch., 138 F.3d 612, 615 (6th Cir. 1998)). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id. (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)).

### III.   ANALYSIS

In his R&R, the Magistrate Judge submitted Plaintiff's Complaint as to TVA should be dismissed with prejudice for failure to prosecute. (ECF No. 27 at PageID 133.)

First, the Magistrate Judge concluded the first Knoll factor weighed in favor of dismissal because Plaintiff's failure to respond is due to willfulness. (Id.) In support, the Magistrate Judge highlighted Plaintiff's failure to respond to TVA's motion to dismiss for over four months after it was filed, despite multiple extensions. (Id.) The Court finds no clear error with the Magistrate

Judge's conclusion. As the Magistrate Judge noted, "[Plaintiff's] 'pro se status does not excuse h[er] from following "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."'" (Id. at PageID 133–34 (quoting Beard v. Tunnell, No. 1:23-CV-2389, 2024 WL 3745215, at *2 (N.D. Ohio July 15, 2024) (quoting Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991)) (recommending dismissal for failure to prosecute under Rule 41(b)), report and recommendation adopted, 2024 WL 3742783 (N.D. Ohio Aug. 9, 2024)).) Indeed, "pro se plaintiffs are not given liberal leeway to ignore the schedule set by the Court." Barnes v. Methodist Le Bonheur Healthcare, No. 2:23-cv-2632-JPM-cgc, 2024 WL 2722549, at *4 (W.D. Tenn. May 28, 2024) (McCalla, J.).

Second, the Magistrate Judge concluded Plaintiff's conduct prejudiced TVA, as her failure to respond has delayed the proceedings. (ECF No. 27 at PageID 134.) The Court finds a clear error with this conclusion. "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" See Carpenter v. City of Flint, 723 F.3d 700, 707 (6th Cir. 2013) (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997)). There is no evidence that TVA expended any time, money, or effort to engage with Plaintiff.[3] "This total lack of evidence of prejudice to [TVA] [regarding the second Knoll factor] weighs against dismissal." See id.; 176 F.3d at 363.

Third, the Magistrate Judge concluded the third Knoll factor weighed in favor of dismissal because he "warned [Plaintiff] three times that her complaint could be dismissed if she failed to respond to TVA's motion." (ECF No. 27 at PageID 134 (citing ECF Nos. 17, 19, 22).) The Court

---

[3] TVA's motion to dismiss is not evidence of such "pursuit of cooperation." See Radley v. Metro Nashville Police Dep't, No. 3:20-cv-677, 2021 WL 1214510, at *3 (M.D. Tenn. Mar. 10, 2021) (citing Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 739–40 (6th Cir. 2008)), report and recommendation adopted, No. 3:20-cv-00677, 2021 WL 1198272 (M.D. Tenn. Mar. 30, 2021).

finds no clear error with this conclusion. Because the Magistrate Judge warned Plaintiff three times as to dismissal if she failed to respond, the third Knoll factor favors dismissal. See 176 F.3d at 363.

Fourth, the Magistrate Judge concluded the fourth Knoll factor weighed in favor of dismissal. (Id.) In support, he states he "carefully considered imposing less drastic sanctions, [as he] twice extend[ed] [Plaintiff's] deadline to respond following the February 24 [Order to Show Cause]." (Id.) However, due to "Plaintiff's failure to prosecute," the Magistrate Judge concluded dismissal is warranted. (Id.) The Court finds no clear error with this conclusion. Because Plaintiff has failed to meaningfully engage and comply with the Court's orders, the fourth Knoll factor favors dismissal. See 176 F.3d at 363; Beard, 2024 WL 3745215, at *3.

The Court finds the balance of the Knoll factors and the "clear record of delay" thus warrant dismissal with prejudice of Plaintiff's Complaint as to TVA. See 176 F.3d at 363; Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 739–40 (6th Cir. 2008) (finding no abuse of discretion where the district court dismissed the plaintiff's complaint when factors one, three, and four weighed in favor of dismissal and factor two weighed against dismissal).

**IV.   CONCLUSION**

For the reasons discussed above, the Magistrate Judge's R&R is **ADOPTED** except for the finding as to Knoll factor two. Plaintiff's Complaint as to TVA is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 11th day of July, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE