# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PAMELA RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-2641-JPM-tmp |
| v. ) | |
| ) | |
| RAYCO, KIMCO, and TVA, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("R&R") filed by Chief Magistrate Judge Tu M. Pham on July 10, 2025. (ECF No. 29.) The Magistrate Judge sua sponte recommended the Court dismiss with prejudice Plaintiff's Complaint as to Defendant RayCo for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (Id. at PageID 147.) No objections were filed. For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's R&R and **DISMISSES** Plaintiff's Complaint as to RayCo.

## I. BACKGROUND[1]

On September 6, 2024, Plaintiff filed her original Complaint against Defendants RayCo, Kimco, and TVA (collectively, "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq. (ECF No. 12 at PageID 58 (citing ECF Nos. 1, 3).)

---

[1] This Section incorporates the Proposed Findings of Fact from the Magistrate Judge's R&R. (ECF No. 30 at PageID 147–50 (citing ECF No. 27).) The R&R references facts from the Magistrate Judge's R&R as to TVA. (Id. at PageID 147.) The Court adopted in part the R&R as to TVA. (ECF No. 31.) Receiving no objections as to the current R&R, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

On November 4, 2024, the Court, adopting an R&R from the Magistrate Judge, dismissed Plaintiff's Title VII age discrimination and hostile work environment claims. (See ECF No. 9.) Plaintiff's Amended Complaint alleges age discrimination and retaliation under Title VII, 42 U.S.C. § 1981, and the ADEA. (ECF No. 12 at PageID 58 (citing ECF No. 10).)

On January 3, 2025, the Court, again adopting an R&R from the Magistrate Judge, dismissed all claims as to Kimco and the § 1981 claims against Rayco and TVA. (ECF No. 14 at PageID 68.)

On May 29, 2025, the Magistrate Judge issued an R&R recommending the Court dismiss with prejudice Plaintiff's Complaint as to TVA. (ECF No. 27.) The next day, the Magistrate Judge entered an Order to Show Cause as to RayCo, noting RayCo had not responded to Plaintiff's complaint, despite it being four months past the deadline to do so. (ECF No. 28.)

On June 11, 2025, RayCo filed a motion to dismiss, arguing Plaintiff has failed to state a claim upon which relief could be granted for each cause of action. (ECF No. 29-1 at PageID 142.) Plaintiff did not respond to RayCo's motion within the required 28 day period. (ECF No. 30 at PageID 150); see L.R. 12.1(b).

On July 11, 2025, the Court adopted in part the Magistrate Judge's R&R as to TVA, dismissing Plaintiff's claims against TVA with prejudice. (ECF No. 31.) Accordingly, only RayCo remains as a defendant. (See id.; ECF No. 14.)

## II.     LEGAL STANDARDS

### A. Pro Se Complaints

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). "In assessing the legal sufficiency

2

of a claim, [the Court] may look to documents attached as exhibits or incorporated by reference into the complaint." Knapp v. City of Columbus, 93 F. App'x 718, 721 (6th Cir. 2004) (citing Amini v. Oberlin Coll., 259 F.3d 493 (6th Cir. 2001)). Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

### B. Report and Recommendation

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "When no timely objection is filed, the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition. The "failure to properly file objections constitutes a waiver of appeal." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### C. Dismissal Pursuant to Rule 41

"Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 362–63 (6th Cir. 1999).

"In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, [the Court] look[s] to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Id. at 363 (citing

Stough v. Mayville Cmty. Sch., 138 F.3d 612, 615 (6th Cir. 1998)). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id. (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)).

### III.  ANALYSIS

In his R&R, the Magistrate Judge recommended that Plaintiff's Complaint as to RayCo should be dismissed with prejudice for failure to prosecute. (ECF No. 30 at PageID 153.)

First, the Magistrate Judge concluded the first Knoll factor weighed in favor of dismissal because Plaintiff's failure to respond is due to willfulness. (Id. at PageID 151.) In support, the Magistrate Judge highlighted Plaintiff's failure to respond to RayCo's motion to dismiss, despite "instruct[ions] . . . on at least four occasions of the necessity of timely responses." (Id. (citing ECF Nos. 17, 19, 22, 28).) The Court finds no clear error with the Magistrate Judge's conclusion. As the Magistrate Judge noted, "[Plaintiff's] pro se status does not excuse her 'fail[ure] to adhere to readily comprehended court deadlines,' and 'failure to respond to a show cause order is indicative of willfulness and fault.'" (Id. (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991); Hatcher v. Dennis, No. 1:17-cv-01042-JDB-egb, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018)).) Indeed, "pro se plaintiffs are not given liberal leeway to ignore the schedule set by the Court." Barnes v. Methodist Le Bonheur Healthcare, No. 2:23-cv-2632-JPM-cgc, 2024 WL 2722549, at *4 (W.D. Tenn. May 28, 2024) (McCalla, J.). The first Knoll factor thus weighs in favor of dismissal. See 176 F.3d at 363.

Second, the Magistrate Judge concluded that "it [was] not clear that RayCo has suffered prejudice" to satisfy the second Knoll factor. (See ECF No. 30 at PageID 152); 176 F.3d at 362–63. The Magistrate Judge stated RayCo has suffered minimal prejudice, as it filed its motion to

4

dismiss past its deadline and only after a show cause order. (ECF No. 130 at PageID 152.) The Court finds no clear error with this conclusion. "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" See Carpenter v. City of Flint, 723 F.3d 700, 707 (6th Cir. 2013) (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997)). There is no evidence that RayCo expended any time, money, or effort to engage with Plaintiff.[2] "This total lack of evidence of prejudice to [RayCo] weighs against dismissal." See id.; 176 F.3d at 363.

Third, the Magistrate Judge concluded the third Knoll factor weighed in favor of dismissal because he both "warned [Plaintiff] that her claims against RayCo would be dismissed if she failed to respond to the court's order" and "previously warned her several times that failure to respond to TVA's motion [to dismiss] would result in dismissal of her complaint." (See ECF No. 30 at PageID 153 (citing ECF Nos. 17, 19, 22)); 176 F.3d at 363. The Court finds no clear error with this conclusion. Because the Magistrate Judge warned Plaintiff multiple times as to dismissal if she failed to respond, the third Knoll factor favors dismissal. See 176 F.3d at 363.

Fourth, the Magistrate Judge concluded the fourth Knoll factor weighed in favor of dismissal. (ECF No. 30 at PageID 153.) In support, he stated he "carefully considered imposing less drastic sanctions and, despite the minimal prejudice to RayCo, submits that no sanction short of dismissal will adequately address Rodgers's failure to prosecute this matter." (Id.) Due to "Plaintiff's failure to prosecute," the Magistrate Judge concluded dismissal is warranted. (Id.) The Court finds no clear error with this conclusion. Because Plaintiff has failed to meaningfully engage

---

[2] RayCo's motion to dismiss is not evidence of such "pursuit of cooperation." See Radley v. Metro Nashville Police Dep't, No. 3:20-cv-677, 2021 WL 1214510, at *3 (M.D. Tenn. Mar. 10, 2021) (citing Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 739–40 (6th Cir. 2008)), report and recommendation adopted, No. 3:20-cv-00677, 2021 WL 1198272 (M.D. Tenn. Mar. 30, 2021).

5

and comply with the Court's orders, the fourth Knoll factor favors dismissal. See 176 F.3d at 363; Beard, 2024 WL 3745215, at *3.

The Court finds the balance of the Knoll factors and the "clear record of delay" thus warrant dismissal with prejudice of Plaintiff's Complaint as to RayCo. See 176 F.3d at 363; Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 739–40 (6th Cir. 2008) (finding no abuse of discretion where the district court dismissed the plaintiff's complaint when factors one, three, and four weighed in favor of dismissal and factor two weighed against dismissal).

### IV. CONCLUSION

For the reasons discussed above, the Magistrate Judge's R&R is **ADOPTED**. Plaintiff's Complaint as to RayCo is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 11th day of August, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE